EX PARTE HERNÁNDEZ, PETITIONER AND APPELLANT.

APPEAL from the District Court of Arecibo on an Application
for the Appointment of a Special Tutor.

No. 1192.—Decided July 20, 1915.

TUTORSHIP—SPECIAL TUTOR—RATIFICATION OF DEED OF PARTITION—PRESUMP-
TION.—When the appointment of a special tutor is applied for with the sole
object of ratifying a deed of partition, the approval of which has been
denied, and it is not shown or alleged that such ratification would eliminate
the cause for the former denial, the presumption is that the court would
have to act after the ratification the same as it did before and refuse to
approve the deed of partition; therefore the appointment would serve no
purpose.

The facts are stated in the opinion.

*Mr. Manuel Paz Urdaz* for the petitioner.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

On July 24, 1914, Antonia Hernández Siberio filed a peti-
tion in the District Court of Arecibo praying that Ramón
Casaña Morales, paternal uncle of her minor children Fede-
rico Amables and Antonia Casaña Hernández, be appointed
their special tutor for the sole purpose of ratifying as their
representative the deed of partition of the property left by
the deceased husband of the petitioner, Juan Antonio Casaña
Morales.

Antonia Hernández Siberio alleges that her children Fede-
rico Amables and Antonia Casaña, twenty and eighteen years
of age respectively, have been emancipated—the former by
a public instrument of June 9, 1914, which is recorded in the
civil register of Camuy, and the latter by marrying Guillermo
Pérez Betancourt; that the paternal and maternal grand-
parents of the said minors are dead and that the petitioner
is unable to represent them because of conflicting interests.
In support of her petition she cites sections 303, 307 and 309
of the Civil Code, the last two of which were amended by the

Act of March 8, 1906, in relation to section 264 of the same code.

The District Court of Arecibo denied the petition for the appointment of a special tutor and the present appeal was taken from that decision.

The decision appealed from is based on the ground, among others, that the deed of partition of the estate of the deceased Antonio Casaña, to which Ramón Casaña Morales was a party as defensor of the said minors, was presented to the said court for its approval, which was denied by a decision of November 24, 1913, and an appeal taken therefrom was dismissed by this court on April 28, 1914.

Neither the said deed of partition nor the decision of the Arecibo court refusing to approve the same is included in the record, therefore we are ignorant of the grounds upon which the said refusal was based.

In any event, the appellant admits the fact that the court refused to approve the deed of partition in which Federico Amables and Antonia Casaña Hernández were represented by their defensor, Ramón Casaña Morales.

The appointment of a special tutor is applied for with the sole object of ratifying the deed of partition, the approval of which has been denied, and it has not been shown to us or even alleged that with such ratification the reason which may have prompted the former refusal to approve the deed would disappear, therefore the presumption exists that the court would have to act after the ratification the same as it did before and refuse to approve the deed of partition.

The decision appealed from is sustained on the said ground and it is not necessary to consider the other reasons given by the judge or whether the authorities cited by the appellant are applicable.

The decision appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.